

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS APR 28 AM 11: 05
ABILENE DIVISION

DEPUTY CLERK ___

| | |
|---|---|
| O.C. HILL, Jr., <br> TDCJ ID No. 01959540, <br><br> Plaintiff, <br><br> v. <br><br> EASTLAND COUNTY, TEXAS, *et al.* <br><br> Defendants. | CIVIL ACTION NO. <br> 1:15-CV-182-BL <br><br> Assigned to U.S. Magistrate Judge |

**OPINION and ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)** [1]

This case is before the Court for review of pro-se-inmate/plaintiff O.C. Hill, Jr.'s pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After review of the pleadings, the Court finds and concludes that all claims against all defendants must be dismissed.[2]

## I. BACKGROUND

Plaintiff initiated this case with the filing of a form civil-rights complaint seeking relief under 42 U.S.C. § 1983,[3] and naming as the only defendant Eastland County, Texas. (Complaint (doc. 3).) After review of this pleading, the Court issued an Order Directing Plaintiff to File a More Definite Statement, in which Plaintiff was directed to answer several specific questions about his claims, and

---

[1] Plaintiff O.C. Hill, Jr. has consented to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c). (Doc. 16.)

[2] Plaintiff O.C. Hill. Jr. Also has another case pending in this division, *Hill v. Fagan, et al.*, No.1:16-CV-185-BL. That case remains pending at this time, and Plaintiff will be directed to provide answers to an Order for More Definite Statement.

[3] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

directed to address whether he sought to add additional defendants. (Doc. 14.) Plaintiff complied with the order by filing a handwritten more definite statement (MDS) listing his answers to the Court's questions. (Doc. 15.) In response to the Court's inquiry about additional defendants, Plaintiff listed Clay Ladd, Eastland County Sheriff's Deputy, and William C. Dowell, District Attorney. (MDS (doc. 15), at 1-2.) Plaintiff contends that he was convicted in 1990 of public intoxication in case number 18,586 and received a 60 year sentence in the 91st Judicial District Court of Eastland County, Texas. *Id.* He alleges that Clay Ladd arrested him without probable cause and repeatedly assaulted him while in his custody. *Id.*, at 2. Plaintiff also alleges that William C. Dowell prosecuted him with "malice and evil intent knowing the evidence was false and did not amount to a felony" in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution. *Id.*, at 2. Plaintiff reports, however, that the conviction was reversed and he was acquitted by mandate entered in February 1993. *Id.*, at 1-2. A review of Court records, reveals that in cause number 18,586, Hill was convicted of aggravated assault of a police officer, but that conviction was reversed on appeal to the Court of Appeals of Texas, Eastland, by opinion issued on December 31, 1992 (mandate issuing February 16, 1993). *See Hill v. State,* http://www.search.txcourts.gov/Case.aspx?cn=11-91-00278-CR&coa=coa11; *Hill v. State,* 844 S.W. 2d 937, 939 (Tex. App.- Eastland 1992). Plaintiff alleges he was held under false imprisonment for three years for a crime he did not commit, and he seeks "1 million dollars for each years I spent in prison" along with punitive damages for his wrongful conviction. (Doc. 3, at 4.)

## II. REVIEW UNDER § 1915A and § 1915(e)(2)(B)

As noted, as Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding

*in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### A. Claims against all Defendants Barred by Applicable Statute of Limitations

The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit. *See Wilson v. Garcia*, 471 U.S. 261, 273-76 (1985) (holding that state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983). In Texas, the applicable limitations period is two years. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* Tex. Civ. Prac. & Rem. Code 16.003(a) (West 2017) (Texas's two-year, personal-injury limitations statute). A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by

3

the applicable statute of limitations. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore*, 30 F.3d at 620 (citing *Gartrell V. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)).

Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action. *See Harris*, 198 F.3d. at 157 (citing *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). With regard to each of Plaintiff Hill's claims listed in the complaint and more definite statement, the Court sees no reason that he did not know of the basis for a cause of action by no latter than the time his conviction was reversed and the opinion of the Texas Court of Appeals issued as mandate in 1993. All of the complained of conduct took place prior to that date, as Plaintiff's pleadings recite that the events occurred in 1990, and the opinion of the state court of appeals recounts that the underlying arrest and prosecution events took place in 1991. (Docs. 3, and 15); *see Hill*, 844 S.W.2d at 937-38. Furthermore, in the Court's questions to Plaintiff, he was expressly asked if the vacated conviction had any connection to his present incarceration and he answered "No". (Doc. 15, at 3.) Moreover, when the Court expressly asked "Other than your recitation of events between 1990 and 1993, are there any other factual events that relate to this claim in the years since 1993, Plaintiff again answered "No". *Id.*

Plaintiff's original complaint in this action was received and file-stamped on September 25, 2015, but Plaintiff signed the pleading and indicated he placed it in the prison mail system on September 18, 2015. (Doc. 3, at 5.) A plaintiff's complaint is considered filed under the mailbox rule as of the time he placed it in the prison mail system for mailing. *See Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995). That date in this case was September 18, 2015. As noted above, the Court sees no reason to believe that Hill did not know or have reason to know of the events giving

rise to his claims in this suit as they were taking place prior to February 1993. As this suit was filed in September 2015, over twenty years past two-years from that time period, all of Hill's claims in this suit are filed too late. The applicable two-year statute of limitations already had expired long before the time Hill filed suit. As all claims are barred by the applicable statute of limitations, they must be dismissed.

### III. ORDER

It is therefore **ORDERED** that all Plaintiff's claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

SIGNED April 28, 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE